UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFF MARANO, et al.,

                Plaintiffs,

- against -

SOREN AABOE, et al.,

                Defendants.

**OPINION AND ORDER**

**05 Civ. 9375 (BSJ) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

Jeff Marano ("Marano") and Norberto Benitez ("Benitez") bring this action against Soren Aaboe, Dr. Christopher Johnson, and Forever Fit NY, Incorporated, doing business as Jorgensen Clinic (collectively, "Forever Fit"). The claim arises out of Forever Fit's unauthorized use of a photograph of Benitez taken by Marano. Pending before the Court is Marano and Benitez's motion to compel Forever Fit to: 1) respond to interrogatories served on October 31, 2006; 2) produce documents in response to a request for production of documents served on October 31, 2006; and 3) produce Soren Aaboe for a deposition pursuant to Marano and Benitez's request. Forever Fit maintains that the pending motion should be denied because: 1) the interrogatories were inappropriate under the rules of discovery; 2) all relevant records have been produced; 3) certain requested records are not relevant; and 4) Marano and Benitez's request to depose Aaboe was not timely.

Also pending before this Court is Forever Fit's motion to compel Marano and Benitez to produce documents in response to a request for production of documents served on October 17, 2006. Marano and Benitez contend that Forever Fit's motion should be denied because they have

already produced all responsive documents that are in their possession, custody, or control, and there has been no showing that they have withheld responsive documents. For the reasons which follow, Marano and Benitez's motion to compel is **GRANTED, in part**, and **DENIED, in part**, and Forever Fit's motion to compel is **DENIED**.

## II.  BACKGROUND

On August 4, 2006, Marano and Benitez contacted Forever Fit, by letter and electronic mail, to schedule depositions of several persons, including defendant Soren Aaboe. Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Compel Discovery ("Pl. Mot."), Exh. A.  In the letter, Marano and Benitez suggested several dates during September for the depositions, but allege that they never received a response from Forever Fit. Id. at 2.  On September 27, Marano and Benitez sent a letter to Forever Fit, requesting information and documentation. Id., Exh. B.  Marano and Benitez allege that Forever Fit neither responded to the letter, nor provided the information. Id. at 2.  Marano and Benitez then contacted Forever Fit regarding the letter, but were told that Forever Fit had not responded because the letter was not in the proper form according to the Federal Rules of Civil Procedure. Id.  On October 17, Forever Fit served their discovery requests, including interrogatories and requests for production of documents, on Marano and Benitez, which they responded to on November 16.  Defendant Soren Aaboe and Forever Fit NY, Inc.'s Memorandum in Support of Motion to Compel Production of Documents ("Def. Mot."), at 3; Plaintiff's Reply in Opposition to Defendants Memorandum in Support of Motion to Compel Production of Documents ("Pl. Reply"), at 3.  On October 19, the parties had a conference before this Court, and a discovery deadline of December 15, was set. On October 31, Marano and Benitez served Forever Fit with a set of interrogatories and a request

for documents.  Pl. Mot. at 3.  On November 17, Marano and Benitez sent an email to Forever Fit, alerting Forever Fit that they still wanted to depose defendant Aaboe and requesting that Forever Fit let Marano and Benitez know what Aaboe's availability was.  Def. Reply, Exh. D.  On December 4, Marano and Benitez sent Forever Fit a formal Notice of Deposition of defendant Aaboe, and suggested a series of potential dates between December 6 and December 14.  Pl. Mot., Exh. D.  Forever Fit responded by electronic mail on December 7, stating that Aaboe was not available to be deposed during the next week.  **Id**., at 3.  On December 11, Forever Fit served their responses to Marano and Benitez's discovery requests of October 31, stating that they were continuing to look for and copy the documents requested.  **Id**.  Also on December 11, Forever Fit wrote to Marano and Benitez, challenging their November 16, response to Forever Fit's request for documents, and asserting that he believed Marano and Benitez to be withholding responsive documents.  Def. Mot. at 3.  During a subsequent phone conversation, Forever Fit alleges that the parties had a disagreement over principles of copyright law and, in response to that conversation, Forever Fit reformulated his request for documents and sent a subsequent letter on December 21.  **Id**. at 4.  On December 29, Marano and Benitez responded to Forever Fit's letter by producing sixteen pages of email records concerning Marano's sale of his photographs.  Pl. Reply at 2.

On December 15, the Court held a telephone conference with the parties, and ordered them to cure any discovery defects within one week.  Each party was granted permission to file a motion to compel for any remaining disputes.  On January 5, 2007, both parties filed motions to compel, and, on January 12, both parties filed responses.

## III.  DISCUSSION

**A.    The Legal Standard**

The scope of discovery is generally limited to any matter, not privileged, which is relevant to the claim or defense of any party or appears reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  **Ferguson v. Lion Holding, Inc**., 2005 WL 1216300, *2  (S.D.N.Y., Mar. 25, 2005).  The Court has broad discretion in managing discovery.  **Wills v. Amerada Hess Corp**., 379 F.3d 32, 41 (2d Cir. 2004);  **In re Fitch, Inc**., 330 F.3d 104, 108 (2d Cir. 2003); **Cruden v. Bank of New York**, 957 F.2d 961, 972 (2d Cir. 1992).

**B.    Marano and Benitez's Motion to Compel Responses to Interrogatories**

Marano and Benitez served Forever Fit with twelve interrogatories, and claim that Forever Fit objected to seven in their entirety, answered three partially, answered one completely, and asserted that it did not understand one.  Pl. Mot. at 7.  Marano and Benitez claim that Forever Fit's objections violate the Federal Rules of Civil Procedure because they use "boilerplate objections" and don't "show specifically how . . . each interrogatory is improper or unanswerable."  **Id**. at 7-8.  Forever Fit argues that, under Local Rule 33.3[1], the interrogatories are inappropriate, and that it should not be compelled to answer them.  Def. Reply at 1-2.

---

[1]Local Civil Rule 33.3 reads, "(a) Unless otherwise ordered by the court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.  (b) During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the court."

Forever Fit asserts that taking the deposition of defendant Aaboe would have been the proper method of obtaining the discovery sought through the interrogatories, but that Marano and Benitez "chose . . . not to do so." **Id**. at 4.  In addition, Forever Fit argues that it should not be compelled to answer Interrogatories Numbers Six, Seven and Eight because they are "irrelevant to the Court's inquiry" in the matter, and, therefore, inadmissible under Federal Rule of Evidence 402. **Id**. at 7.

     Marano and Benitez's interrogatories are narrow in scope and ask discrete questions, which make them a practical method of obtaining the information sought.  As for the specific challenge to Interrogatories Numbers Six, Seven, and Eight, the scope of discovery is much broader than that of admissibility, and includes all matters, so long as they are not privileged, that could reasonably lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).  Under this standard, Interrogatories Numbers Six, Seven, and Eight could reasonably lead to the discovery of admissible evidence, and, as such, are not "irrelevant" as claimed by Forever Fit.  Therefore, Forever Fit shall provide responses to any outstanding interrogatories by **March 6, 2007**.

**C.**    **Marano and Benitez's Motion to Produce Aaboe for Deposition**

     Even though Forever Fit maintains that the interrogatories were inappropriate because a deposition would have been the proper method of obtaining the information under the Federal Rules of Civil Procedure and the Local Rules, it objects to deposition of Aaboe on the ground of timeliness.  Forever Fit claims that the first time Marano and Benitez ever "suggested to [Forever Fit] that they *might* take" Aaboe's deposition was on November 17, 2006. **Id**. at 4 (***emphasis in original***).  Forever Fit claims that the formal notice of deposition, which Marano and Benitez served on December 4, 2006, only gave between two and ten days notice, which Forever Fit

5

claims is "patently unreasonable." **Id**. at 5.

Forever Fit's argument fails on several grounds. First, Marano and Benitez first attempted to schedule the deposition of defendant Aaboe on August 4, 2006, more than four months prior to the eventual discovery deadline, not November 17, 2006, as alleged by Forever Fit. Pl. Mot., Exh. A. Forever Fit does not claim to have responded to either request for deposition, both of which provided reasonable notice. Moreover, because of Forever Fit's multiple delays in responding to Marano and Benitez's discovery requests, they did not receive a response to their interrogatories until December 11, 2006, four days prior to the close of discovery. Pl. Mot. at 3. In addition, that response was incomplete, and was accompanied by a letter from Forever Fit with a promise to supplement the information within a short time. **Id**. Therefore, discovery had nearly closed by the time Marano and Benitez would have known that Forever Fit would be objecting to nearly all the interrogatories they served. For Forever Fit to claim that Marano and Benitez never attempted to schedule Aaboe's deposition until eleven days prior to the end of discovery, and that they should now be denied a deposition on that ground, is disingenuous. Def. Reply at 5. Forever Fit is hereby ordered to produce defendant Aaboe for deposition by Marano and Benitez by **March 13, 2007**.

**C.    Marano and Benitez's Motion to Compel Production of Documents**

Marano and Benitez ask this Court to compel Forever Fit to respond to their Document Requests Numbers Two and Three. Pl. Mot. at 8. Document Request Number Two asks: "Provide any and all documents and records of accounts receivables, balance sheets, income statements, cash flow statements, cash receipts journals and any other records or ledgers reflecting any and all monthly receivables of Defendants for every month from November 2004

to the present." **Id**. Document Request Number Three asks: "Provide a detailed summary of Defendants operating income and profit and loss statement for years 2005 and 2006, to include the third quarter reporting for 2006." **Id**. at 9. In its initial responses, Forever Fit objected to both document requests, claiming that they were "vague, overbroad and unduly burdensome and seek[] information that is not reasonably calculated to lead to the discovery of admissible evidence." Pl. Mem. at 8-9. In its reply to Marano and Benitez's motion to compel, Forever Fit asserts that it has fully satisfied these requests by producing responsive documents, namely "tax returns for the year 2004-2005, a financial statement for 2005, and sales receipts for October, November and December of 2005." Defendant Soren Aaboe and Forever Fit NY, Inc.'s Memorandum in Opposition of Plaintiffs' Motion to Compel ("Def. Reply"), at 8. Forever Fit states that they are "unable to produce any more responsive documents than they have already produced, because no more such documents exist." **Id**. at 10. However, Forever Fit also maintains that will not produce sales records for 2006 because such records are "irrelevant and, therefore, inadmissible." **Id**. at 9.

First, Forever Fit's response does appear to be boilerplate. The requests are not vague or overbroad, and Forever Fit does not show that a response would be unduly burdensome. To the extent that it has withheld responsive documents on any of these grounds, it is hereby ordered to produce them forthwith. With regard to any responsive documents from 2006 to the present, those documents are relevant under the broad scope of discovery, as they are "reasonably calculated to lead to the discovery of admissible evidence." **Ferguson**, 2005 WL 1216300, at *2. Therefore, to the extent that Forever Fit has withheld responsive documents from the year 2006 through the present, it is hereby ordered to produce them. Finally, while it is doubtful that the

records produced are the only responsive documents in Forever Fit's possession, control or custody, the Court will accept a sworn affidavit to this effect from a person with personal knowledge. Forever Fit is hereby ordered to file a sworn affidavit that all documents responsive to Marano and Benitez's request for production have been produced by **March 6, 2007**. Any responsive documents which do exist, and have not yet been produced, shall be produced by **March 6, 2007**. Marano and Benitez shall file an affidavit on the number of hours required to file the instant motion.

**D.**     **Forever Fit's Motion to Compel Production of Documents**

In its motion to compel production of documents, Forever Fit argues that Marano and Benitez have "refused to produce any docuemnts relating to the transfer, assignment or licensing of the copyrights" in his photographs, and asks this Court to compel them to do so. Def. Mot. at 5. Forever Fit asserts that Marano and Benitez are refusing to produce the requested documents because Marano never licensed his photographs or copyrights to his photographs. **Id**. at 5-6. Marano and Benitez maintain that they have provided all the "written records in [Marano's] possession, custody or control," as well as a list, based both on memory and the written records already produced, of the details of each of his professional engagements during the relevant time period. Pl. Reply at 2-3, 5-6. Marano and Benitez shall file a sworn affidavit to this effect from a person with personal knowledge by **March 6, 2007**.

## IV.  CONCLUSION

For the forgoing reasons Marano and Benitez's motion to compel is **GRANTED, in part**, and **DENIED, in part**, and Forever Fit's motion to compel is **DENIED**. Forever Fit shall produce any outstanding responsive documents, or file a sworn affidavit stating that none such

documents exist, by **March 6, 2007**. Forever Fit is to produce defendant Aaboe for deposition by Marano and Benitez by **March 13, 2007**. Marano and Benitez shall produce any outstanding responsive documents, or file a sworn affidavit stating that no such documents exist, by **March 6, 2007**.

**SO ORDERED this 26th day of February 2007**
**New York, New York**

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge