**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFF MARANO, et al., | |
| Plaintiffs, | |
| - against - | OPINION & ORDER |
| | 05 Civ. 9375 (BSJ) (RLE) |
| SOREN AABOE, et al., | |
| Defendants. | |

**RONALD L. ELLIS, United States Magistrate Judge:**

### I. INTRODUCTION

Jeff Marano and Norberto Benitez bring this action against Soren Aaboe, Dr. Christopher Johnson, and Forever Fit NY, Incorporated, doing business as Jorgensen Clinic. The claim arises out of defendants' unauthorized use of a photograph of Benitez taken by Marano. On March 15, 2006, District Judge Barbara S. Jones entered a default judgment against defendants, and referred the case to the undersigned for an inquest on damages. After the entry of judgment, defendants Aaboe and Forever Fit NY, Incorporated (collectively, "Forever Fit") appeared via counsel, and discovery on the issue of damages proceeded.[1] Several discovery disputes arose between the parties, and, on January 5, 2007, both plaintiffs and Forever Fit filed motions to compel. Pending before the Court is the issue of whether sanctions against Forever Fit, arising out of the parties' cross-motions to compel, are warranted. For the following reasons, the Court finds that Forever Fit **SHALL** pay plaintiffs three (3) hours in attorney's fees at a rate of $210 per hour.

### II. BACKGROUND

The relevant facts are set out in the Court's Order of February 26, 2007.

---

[1] Defendant Dr. Christopher Johnson has never appeared in this action.

## III. DISCUSSION

**A. Motion to Compel Answers to Interrogatories and Document Production**

Under Federal Rule of Civil Procedure 37, the Court may impose broad sanctions for discovery-related abuses. If a motion to compel is granted, or if requested discovery is provided after the motion was filed, the court shall require the non-compliant party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that: (1) the motion was filed without the moving party making a good faith attempt to obtain discovery; (2) the opposing party's nondisclosure was substantially justified; or (3) that an award of expenses and fees would be unjust under the circumstances. FED. R. CIV. P. 37(a)(4)(A). A party is substantially justified when "the dispute over discovery between the parties is genuine," but courts "should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." **Id**. (Advisory Committee Notes 1970 Amendment). "When a dispute involves differing interpretations of the governing law, opposition is substantially justified unless it involves an unreasonable, frivolous or completely unsupportable reading of the law." **Bowne of New York City, Inc. v. AmBase Corp.**, 161. F.R.D. 258, 265 (S.D.N.Y. 1995) (*internal citations omitted*).

Forever Fit argues that sanctions are not warranted because it was substantially justified in believing that the sales records from 2006 were irrelevant and in its objections to Interrogatories 6,7, and 8. Defendant Soren Aaboe and Forever Fit NY, Inc.'s Memorandum of Law Opposing Sanctions ("Def. Mem."), at 4, 13. The Court agrees, and finds that Forever Fit's conduct does not rise to a level warranting the imposition of sanctions. The Court found Forever Fit's determination that financial information from 2006 was not relevant to the issue of damages

arising out of infringement occurring in March 2005 too narrow an interpretation of Rule 26 of the Federal Rules of Civil Procedure. However, it does appear that there existed a genuine dispute between the parties over the relevance, such that Forever Fit was substantially justified in bringing the dispute to a judicial determination. With respect to the interrogatories, it also appears that, while the Court compelled Forever Fit to answer, there was a genuine dispute, and Forever Fit's objections were not frivolous or unreasonable.

**B. Motion to Compel Deposition of Aaboe**

"The court has inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." **Revson v. Cinque & Cinque, P.C.**, 221 F.3d 71, 79 (2d Cir. 2000) (*citation and internal quotations omitted*); *see also* **Nat'l Hockey League v. Metro. Hockey Club, Inc.**, 427 U.S. 639, 643 (1976). The Court may impose sanctions and assess attorney's fees if a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." **Alyeska Pipeline Serv. Co. v. Wilderness Soc'y**, 421 U.S. 240, 258-59 (1975). Under § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Bad faith is required for the imposition of sanctions. **United States v. Int'l Brotherhood of Teamsters**, 948 F.2d 1338, 1345 (2d Cir. 1991). Notice must be provided before sanctions are imposed. **Schoenberg v. Shapolsky Publishers, Inc.**, 971 F.2d 926, 936 (2d Cir. 1992).

Even though plaintiffs' motion to compel the deposition of Aaboe was granted, Forever Fit argues that sanctions are not warranted because plaintiffs lacked good faith in opposing

3

defendants' request to extend discovery for the purpose of completing depositions. Def. Mem. at 10. Forever Fit claims that plaintiffs' bear the blame for their inability to depose Aaboe because they opposed Forever Fit's request for an extension of discovery, and asserts that plaintiffs "failed to make a good faith effort to take . . . Aaboe's deposition." **Id**. at 12-13. These arguments are without merit. As discussed in its earlier Opinion and Order, the Court found that plaintiffs made several attempts to schedule Aaboe's deposition during the period of discovery set by the Court. Opinion and Order, February 26, 2007 ("February 26 Order"), at 5-6. Not only did Forever Fit ignore plaintiffs' attempts to schedule the deposition, it then made misrepresentations about those attempts in its objection to plaintiffs' motion to compel. **Id**. It was not unreasonable for plaintiffs to oppose the extension of discovery in order to take a deposition that they had been attempting to schedule for several months. Rather, it was a reasonable expectation that, after requesting the deposition, both informally and through formal notice, Forever Fit would work with them to schedule it. Instead, Forever Fit ignored the informal requests, claimed unavailability on all dates suggested after formal notice was served, and then objected to the taking of the deposition as untimely, forcing plaintiffs to file a motion to compel. **Id**. at 3, 5-6.

Based on these actions with respect to the Aaboe deposition, the Court finds that Forever Fit acted in bad faith, delaying the litigation and causing unnecessary judicial intervention. ***See* Alyeska Pipeline Serv. Co.**, 421 U.S. at 258-59; 28 U.S.C. § 1927. The Court also finds that Forever Fit was put on notice of the potential for sanctions at the phone conference held on December 15, 2006. ***See* Schoenberg**, 971 F.2d at 936.

4

**C. Reasonable Costs & Attorney's Fees**

In the February 26 Order, the Court instructed plaintiffs to file an affidavit on the number of hours required to file the motion for sanctions. February 26 Order at 6. The starting point for determining reasonable attorney's fees is the lodestar analysis, whereby the number of billable hours are multiplied by counsel's reasonable billing rate. *See* **LeBlanc-Sternberg v. Fletcher**, 143 F.3d 748, 763-64 (*quoting* **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983)). In determining a reasonable hourly rate, the court should consider the rates for legal services "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." **Gierlinger v. Gleason**, 160 F.3d 858, 882 (2d Cir. 1998) (*quoting* **Blum v. Stevenson**, 465 U.S. 886, 895 n.11 (1984)). In addition, the court may also rely on its own knowledge of hourly rates charged in private firms to determine what is reasonable in the relevant community. **Miele v. New York State Teamsters Conf. Pens. & Retirement Fund**, 831 F.2d 407, 409 (2d Cir. 1987). For purposes of determining the fee, the relevant community is the judicial district in which the trial court sits. **In re Agent Orange Prod. Liability Litig.**, 818 F.2d 226, 232 (2d Cir. 1987).

In the Second Circuit, a party seeking an award of attorney's fees must support its application by submitting time records that detail "for each attorney, the date, hours expended, and the nature of the work done." **New York State Assoc. for Retarded Children, Inc. v. Carey**, 711 F.2d 1136, 1154 (2d Cir. 1983). When determining the reasonableness of the hours expended by counsel, the court considers "the value of the work product of the specific expenditures to the client's case." **Luciano v. Olsten Corp.**, 109 F.3d 111, 116 (2d Cir. 1997) (*citing* **Lunday v. City of Albany**, 42 F.3d 131, 133 (2d Cir. 1994); **DiFilippo v. Morizio**, 759

5

F.2d 231, 235 (2d Cir. 1985)). Morever, the court should reduce the lodestar calculation by any amount of time it deems unreasonable. *See* **Quarantino v. Tiffany & Co.**, 166 F.3d 422, 425 (2d Cir. 1998) (*citing* **Hensley v. Eckerhart**, 461 U.S. 424, 434 (1983)).

The affidavit provided by plaintiffs' counsel is lacking in several respects. First, counsel requests an hourly rate of $375. Affidavit of Counsel, Emma Frank, March 6, 2007 ("Frank Aff."), at ¶ 3. However, no support is offered for this rate. Counsel does not provide any details as to her skill, experience, or reputation. *See* **Gierlinger**, 160 F.3d at 882 (*quoting* **Blum v. Stevenson**, 465 U.S. 886, 895 n.11 (1984)). Moreover, because counsel has a contingency agreement with plaintiffs, the rate requested is not the rate that she is charging plaintiffs, nor does she affirm that it is her customary and ordinary rate. Frank Aff. ¶ 4. The affidavit provides the Court with no basis on which to award an hourly rate of $375. The Court finds that $215 is a reasonable rate based on the basic skill necessary to perform the tasks indicated.

As for what is a reasonable number of hours, while counsel states that she spent sixteen (16) hours on the motion, **id**. ¶ 3, attorney's fees are only being granted for a small portion of the overall motion. The portion of plaintiffs' motion addressing the deposition is short in length, and did not involve complex legal analysis. As such, the Court finds that three (3) hours is a reasonable portion of the hours counsel claims to have spent on the motion to compel.

## IV. CONCLUSION

For the foregoing reasons, sanctions against Forever Fit are warranted. Forever Fit **SHALL** pay plaintiffs' counsel for three (3) hours of time at a rate of $215 per hour, or $645.

**SO ORDERED this 29th day of October 2007**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**